UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| INDIANAPOLIS RACQUET CLUB, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00471-JPH-DLP |
| | ) | |
| THE CINCINNATI INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on the Plaintiff's Motion to Stay, Dkt.
[36], which seeks a stay of all proceedings in this case until 30 days after the appeal
in *Indiana Repertory Theatre v. Cincinnati Casualty Company*, Cause No. 21A-CP-
02848 ("IRT II") is concluded. For the reasons discussed below, Plaintiff's Motion is
**DENIED**.

## I.    BACKGROUND

Plaintiff, Indianapolis Racquet Club, Inc., is a membership facility offering
indoor tennis courts, a fitness center, lessons from professional instructors, and a
pro shop. (Dkt. 3-2 at 2). Between March 2020 and September 2020, Plaintiff was
required to close or limit occupancy at its two locations because of state and local
Orders issued in response to the COVID-19 pandemic, resulting in substantial
losses and damages. (Id. at 11-13). Plaintiff's two locations were insured with the
Defendant, The Cincinnati Insurance Company. (Id. at 15). Following the loss,

1

Plaintiff submitted a claim to Defendant, which was denied on the basis that Plaintiff had not established a direct physical loss to property. (Id.)

On March 8, 2022, Plaintiff initiated the present lawsuit in the Indiana Commercial Court, Marion County, for declaratory relief as to the scope of Plaintiff's rights and Defendant's obligations under the insurance policy, and for breach of contract for Defendant's refusal to cover Plaintiff's loss of business income. (Dkt. 3-2 at 17-19). On March 10, 2022, Defendant removed the case to this Court. (Dkt. 1). Defendant filed its motion to dismiss on March 29, 2022. (Dkt. 15).

On April 19, 2022, Plaintiff moved to stay the case until the appeals in both *Indiana Repertory Theatre v. Cincinnati Casualty Company*, Cause No. 21A-PL-00628 ("IRT I") and IRT II had concluded. (Dkt. 23). However, shortly thereafter, the parties filed a joint motion to stay the case pending conclusion of the appeal in IRT I, with Plaintiff reserving its right to request an additional stay until IRT II is concluded. (Dkt. 25). On May 9, 2022, the Court granted the parties' joint motion to stay the case until 30 days after the appeal in IRT I[1] is concluded. (Dkt. 29).

The appeal in IRT I concluded on July 19, 2022, with the Supreme Court denying IRT's Petition to Transfer, and the stay in this matter automatically lifted on August 18, 2022. (Dkt. 35). That same day, Plaintiff filed the present motion to stay. (Dkts. 36, 37). Defendant filed its response on September 1, 2022, and Plaintiff filed its reply on September 15, 2022. (Dkts. 40, 45).

---

[1] The parties agree that IRT I involved a similar coverage dispute relating to losses arising from the COVID-19 pandemic.

## II.   LEGAL STANDARD

District courts have the inherent power to control their docket and, as such, enjoy broad discretion when determining whether to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When considering a motion to stay, the Court must consider the need for the stay and the parties' competing interests. *Landis*, 299 U.S. at 254-55. The proponent of the stay has the burden of establishing the need for the motion. *Clinton*, 520 U.S. at 708 (citing *Landis*, 299 U.S. at 255). This Court uses the following three factors to determine if a stay is warranted, whether a stay: "(1) will unduly prejudice or tactically disadvantage the non-moving party; (2) will simplify the issues in question and streamline the trial; and (3) will reduce the burden of litigation on the parties and the Court." *Irving Materials, Inc. v. Zurich Am. Ins. Co.*, No. 1:03-cv-0361-SEB-TAB, 2008 WL 1971468, at *2 (S.D. Ind. May 5, 2008).

Magistrate judges have the authority to rule on motions to stay. *See Indiana Pine LLC v. Ponsse USA, Inc.*, No. IP99-0123-C-Y/F, 1999 WL 1866849, at * 1 (S.D. Ind. Mar. 30, 1999). The court's decision whether to enter a stay depends entirely on the circumstances of the particular case. *Metro Fibernet, LLC v. Clear  Home, Inc.*, No. 1:19-cv-03070-JPH-DML, 2020 WL 3397735, at *2 (S.D. Ind. Apr.  21, 2020). Generally, courts are reluctant to stay litigation "because [it] bring[s] resolution of the dispute to a standstill." *Am. Senior Communities, LLC v. Burkhart*, No. 1:17-cv-03273-TWP-DML, 2019 WL 415614, at *2 (S.D. Ind. Feb. 1, 2019).

### III.   DISCUSSION

Plaintiff asserts that the Court should exercise its discretion and stay this case. (Dkt. 37). Plaintiff first argues that its declaratory judgment claim may be stayed under the *Wilton/Brillhart* abstention doctrine because IRT II is a parallel state proceeding that may resolve important issues in this action, without unnecessarily injecting a risk of inconsistent outcomes from differing interpretations of the same key policy language. (Id. at 6-11). Plaintiff next contends that its breach of contract claim should be stayed under the *Colorado River* abstention doctrine because IRT II is a parallel state proceeding and a consideration of the relevant factors demonstrates that exceptional circumstances exist. (Id. at 11-17).

Defendant maintains that Plaintiff's motion should be denied. (Dkt. 37). Defendant contends, as an initial matter, that the *Colorado River* abstention doctrine must be applied to both of Plaintiff's claims. (Id. at 4-6). Defendant also argues that this case and IRT II are not parallel proceedings, and thus abstention does not apply. (Id. at 2, 6-10). Moreover, Defendant asserts that Plaintiff misinterprets and misapplies the tenth factor of the *Colorado River* doctrine, and that the order in which the cases were filed is irrelevant to whether this case should be stayed. (Id. at 12).

### A.  *Appropriate Abstention Doctrine to Apply*

Plaintiff's Complaint seeks declaratory judgment as to the scope of the parties' rights and obligations under the insurance policy and, in particular a

finding that the losses it has suffered are covered by the policy. (Dkt. 3-2 at 17).
Plaintiff also seeks damages for Defendant's alleged breach of contract when it
denied Plaintiff's claim and refused to pay for the losses Plaintiff sustained as a
result of the COVID-19 pandemic. (Id. at 18).

The parties dispute which abstention doctrine or doctrines apply to this case.
Plaintiff asserts that the *Wilton/Brillhart* abstention doctrine applies to its
declaratory judgment claim while the *Colorado River* doctrine applies to its breach
of contract claim. (Dkt. 37 at 6-17). Conversely, Defendant maintains that the
*Colorado River* doctrine should be applied to both of Plaintiff's claims. (Dkt. 37).

The Seventh Circuit has provided instruction for cases that involve requests
for declaratory and non-declaratory relief:

> Where state and federal proceedings are parallel and the federal suit
> contains claims for both declaratory and non-declaratory relief, the
> district court should determine whether the claims seeking non-
> declaratory relief are independent of the declaratory claim. If they are
> not, the court can exercise its discretion under *Wilton/Brillhart* and
> abstain from hearing the entire action. But if they are, the
> *Wilton/Brillhart* doctrine does not apply and, subject to the presence
> of exceptional circumstances under the *Colorado River* doctrine, the
> court must hear the independent non-declaratory claims. The district
> court then should retain the declaratory claim under *Wilton/Brillhart*
> (along with any dependent non-declaratory claims) in order to avoid
> piecemeal litigation.

*R.R. Street & Co., Inc. v. Vulcan Materials*, Co., 569 F.3d 711, 716-717 (7th Cir.
2009) (footnote omitted).

Proceedings are parallel "when substantially the same parties are
contemporaneously litigating substantially the same issues in two fora." *Envision
Healthcare, Inc. v. PreferredOne Ins. Co*., 604 F.3d 983, 986 (7th Cir. 2010) (citations

omitted). This inquiry focuses on "whether there is a substantial likelihood that the [state court] litigation will dispose of all claims presented in the federal case." *Id.* (quoting *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 592 (7th Cir. 2005)). The cases "need not have exactly the same parties," *Cincinnati Ins. Co. v. Society Ins.*, No. 14-CV-1319, 2015 WL 1058649, at *6 (C.D. Ill. Mar. 5, 2015), but there must be some overlap, *see, e.g., Everest Nat'l Ins. Co. v. Komarek*, No. 22 C 3368, 2022 WL 7102713, at * 2 (N.D. Ill. Oct. 12, 2022); *Navigators Specialty Ins. Co. v. Rural King Supply, Inc.*, No. 19 CV 3154, 2021 WL 1199025, at *4 (C.D. Ill. Mar. 30, 2021) (finding that parties are not substantially the same where the sole plaintiff in one action is absent from the other action).

As noted previously, Plaintiff maintains that the cases involve substantially similar parties, largely because Defendant Cincinnati Insurance from the present case is the sole shareholder of Cincinnati Casualty Insurance, the defendant in IRT II. This, however, is the only common thread between the parties of the two cases and does not establish that the parties are substantially similar or that IRT will dispose of any of the claims in this case. Thus, IRT II and this case are not parallel, so the Undersigned may not reach the *Wilton/Brillhart* or *Colorado River* doctrines as outlined in *R.R. Street & Co*. Without that basis to consider whether to stay this case, the Court will proceed to consider the three factors as explained above.

    B.  *Whether the matter should be stayed*

The Court notes that the parties do not directly address the three factors in their briefing, but that those factors are mostly referenced in their arguments about

which abstention doctrine applies. Specifically, Plaintiff contends that this case is still "in its infancy" and that neither party would be prejudiced by a stay because both "will benefit from Indiana appellate court guidance on these issues of first impression." (Dkt. 37 at 15). Additionally, Plaintiff points to Defendant's consent to stay the case pending the resolution of IRT I as support for an additional stay of proceedings. (Id.). Plaintiff also notes that a stay in this case would potentially prevent inconsistent litigation outcomes. (Dkt. 37 at 10, 14, 16).

Primarily, Defendant contends that because the two cases do not contain substantially similar parties, IRT II will not resolve any of the claims in this case or have a *res judicata* effect and will not reduce Plaintiff's potential evidentiary burden. (Dkt. 40 at 7-9). Perhaps most importantly, Defendant maintains that the present case does not require the resolution of IRT II appeals because at least two authoritative opinions exist that address the issues in this case: IRT I and *Circle Block Partners, LLC v. Fireman's Fund Ins. Co.*, 44 F.4th 1014 (7th Cir. 2022). (Id. at 10-11, 13).

The Court is not convinced that a stay in this matter would tactically disadvantage the non-moving party, Defendant Cincinnati Insurance. However, while it is true that the resolution of any IRT II appeals may affect the parties' litigation in this case and may provide guidance on how this Court should approach Defendant's motion to dismiss, neither of those things demonstrate that a stay will simplify the issues, streamline the matter for trial, or reduce the burden on the parties or the Court. Furthermore, as noted by the Defendant, this Court has been

presented with two cases that have already answered the questions posed in this case, one from the Seventh Circuit and the other from the Indiana Court of Appeals. Finally, Plaintiff has requested that this matter be stayed pending resolution of IRT II through any appeal to the Indiana Supreme Court, when IRT II is only currently in the Indiana Court of Appeals. It would be improper and inefficient for this Court to stay all proceedings simply because the Indiana Supreme Court *may* consider IRT II in the future. Considering the parties' competing interests and the relevant factors, the Undersigned concludes that a stay is not warranted at this time.

## IV.   CONCLUSION

For the reasons discussed above, the Court **DENIES** the Plaintiff's Motion to Stay, Dkt. [36].

So ORDERED.

Date: 12/8/2022

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email